

**SO ORDERED.**

**SIGNED this 14 day of August, 2012.**

_____
**James D. Walker, Jr.
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 11-53071-JDW |
| JONATHAN CARTER, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| PAUL SHEETS, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 11-5157-JDW |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| JONATHAN CARTER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

| | |
|---|---|
| For Plaintiff: | Jason M. Orenstein |
| | Post Office Box 4086 |
| | Macon, Georgia 31208-4086 |
| For Defendant: | Alex D. Sanders |
| | 433 Cherry Street, Suite A |
| | Macon, Georgia 31201 |

**MEMORANDUM OPINION**

This matter comes before the Court on Debtor-Defendant's motion to dismiss. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Background**

Plaintiff Paul Sheets hired J.D. Carter & Associates, which is owned by Debtor-Defendant Jonathan Carter, to construct an office building. Plaintiff contends Debtor provided inadequate and incomplete services while fraudulently making draws against Plaintiff's construction loan. Plaintiff further contends Debtor received final payment shortly after July 8, 2008, when he submitted to the lender an affidavit swearing work was complete even though the building remained unfinished.

On February 16, 2010, Plaintiff sued Debtor in state court for breach of contract, negligent construction, breach of warranties, and fraud. Approximately 19 months later, on September 28, 2011, Debtor filed a Chapter 7 petition. On December 30, 2011, Plaintiff initiated this adversary proceeding, alleging his claim is nondischargeable under 11 U.S.C. § 523(a)(2) and (a)(4). On January 23, 2012, the Chapter 7 Trustee filed a report of no distribution, and on February 2, 2012, the Court entered an order granting Debtor a discharge.

On April 5, 2012, the United States Trustee filed a motion to revoke the discharge based on misrepresentations Debtor made during his § 341(a) meeting of creditors regarding his ownership of a tractor. On May 14, 2012, the Court entered a consent order granting the motion,

3

revoking the discharge, and approving Debtor's waiver of discharge.

On June 19, 2012, Debtor filed a motion to dismiss this adversary proceeding because the relief sought–a determination of nondischargeability–has already been effectively granted via the order revoking discharge. The Court held a hearing on the motion to dismiss on July 23, 2012. At the conclusion of the hearing, the Court invited the parties to submit letter briefs. Having considered the facts and the legal arguments, the Court will grant Debtor's motion to dismiss.

### Conclusions of Law

At issue in this case is whether a bankruptcy court may retain jurisdiction over a nondischargeability proceeding for purposes of entering a money judgment on the underlying nonbankruptcy claims when the debtor has waived a discharge. In their letter briefs, both parties rely solely on the decision in Neves v. Markwood Investments Ltd., No. 11-24505, 2012 WL 1831717 (S.D. Fla. May 17, 2012). The Court has been unable to locate any other cases directly on point.

In Neves, the creditors obtained a judgment against the debtor in district court. The debtor then filed a Chapter 7 petition, and the creditors initiated an adversary proceeding to determine the dischargeability of their debts. The district court judgment was subsequently vacated and the case dismissed due to a defect in subject matter jurisdiction. The debtor then voluntarily waived his discharge in the bankruptcy case, and filed a motion to dismiss the nondischargeability proceeding on the ground that the court lacked jurisdiction to enter a money judgment when dischargeability was no longer in play. Id. at *1-2. The bankruptcy court denied the motion to dismiss, and the district court affirmed. Id. at *2.

In reaching its decision, the district court first considered any potential impact of the Supreme Court's decision in Stern v. Marshall, __ U.S. __, 131 S. Ct. 2594 (2011), which ruled that a bankruptcy court lacks "constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Id. at 2620. In Stern, the counterclaim at issue–which was a common law tort claim–did not "flow from a federal statutory scheme" and was "not 'completely dependent upon' adjudication of a claim created by federal law." Id. at 2614 (citing Commodity Futures Trading Comm'n v. Schor, 478 U.S. 836, 856, 106 S. Ct. 3245 (1986)). By contrast, the proceeding in Neves was a nondischargeability case, which is an action created by the Bankruptcy Code and indisputably within the jurisdiction of a bankruptcy court. The Neves court concluded that Stern did not divest it of jurisdiction once the question of dischargeability became moot because "Stern is not applicable to the question of whether a bankruptcy court retains jurisdiction over a matter in which it unquestionably had jurisdiction." 2012 WL 1831717, at *3.

Having determined that the bankruptcy court had constitutional authority to enter judgment on the creditor's nonbankruptcy claim, the Neves court then considered when it is appropriate for a bankruptcy court to exercise such authority. Id. at *4. It found the Eleventh Circuit's decision in Fidelity & Deposit Co. of Maryland v. Morris (In re Morris), 950 F.2d 1531 (11th Cir. 1992), to be instructive. 2012 WL 1831717, at *4. In Morris, the circuit court held that a bankruptcy court may, in its sound discretion, retain jurisdiction over an adversary proceeding after the main bankruptcy case is dismissed. 950 F.2d at 1534. In deciding whether to retain jurisdiction, the bankruptcy court should consider three factors: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal

5

issues involved." Id. at 1535 (citations omitted).

The court in Neves applied the Morris factors to determine that the bankruptcy court did not abuse its discretion by retaining jurisdiction over the nondischargeability case after the debtor had waived discharge. 2012 WL 1831717, at *4. It reasoned that Morris provided a suitable test because

> [i]f a court is able to retain jurisdiction over an adversary proceeding "related to" the bankruptcy case after dismissal of the bankruptcy proceeding, it follows that a bankruptcy court has continuing jurisdiction to enter a money judgment in an adversary proceeding of an ongoing bankruptcy case where the debtor has waived dischargeability.

Id. The parties in this case have accepted the Morris factors as the appropriate test for deciding whether to dismiss this adversary proceeding and have addressed their arguments to those factors.

*Judicial Economy.* The Court first considers judicial economy. Plaintiff contends judicial economy favors keeping the case in bankruptcy court because the discovery period has run and the case is ready for trial. If the case were dismissed, Plaintiff argues he would be forced to commence litigation in state court and begin the process anew. Debtor, on the other hand, points out that litigation has already begun in state court, some discovery has taken place, and the case remains on the docket. Furthermore, Debtor contends no discovery was performed in the bankruptcy court. It is not clear which party is correct about the status of the state court action. Without more information, the Court cannot conclude that judicial economy favors deciding the state law claims in bankruptcy court.

In fact, lingering jurisdictional questions weigh in favor of dismissing the case.

Notwithstanding the Neves court's analysis of Stern, this Court is not persuaded that it retains jurisdiction over this adversary proceeding. The bankruptcy court's jurisdiction to decide the state law counterclaim in Stern was dependent on whether the counterclaim could be fully resolved in the bankruptcy-specific proceeding of claims allowance. 131 S. Ct. at 2620. Because the counterclaim could not be fully resolved during claims allowance, the bankruptcy court lacked jurisdiction to enter a final judgment on the counterclaim. Id. Similarly, Debtor could argue that the bankruptcy court's authority to enter judgment on unliquidated state law claims in a nondischargeability case is dependent on whether those claims will be fully resolved in the nondischargeability proceeding. Once the discharge is waived, the state law claims will no longer be decided in the process of determining dischargeability of those claims–even though the case is still technically labeled a nondischargeability proceeding.[1] This raises legitimate questions about the court's jurisdiction to enter a final judgment on the state law claims. Judicial economy will not be served in this case if its resolution is further delayed by appeals on the jurisdictional issue, especially when an alternate venue with appropriate jurisdiction is available.

The Court also notes that because this is a no-asset Chapter 7 case and there will be no distribution to creditors, the resolution of the state law claims will have no effect on property of the estate. Therefore, from an administrative perspective, hearing the case in bankruptcy court offers no economical or other benefit.

---

[1] As Stern demonstrated, a label alone is insufficient to give a bankruptcy court the authority to hear certain actions. The counterclaim in Stern was expressly designated as a "core" proceeding by Congress and, thus, was within the bankruptcy court's statutory jurisdiction. 131 S. Ct. at 2604. However, because the counterclaim could not be resolved without an exercise of Article III power, the bankruptcy court lacked constitutional jurisdiction to enter a final judgment. Id. at 2608.

***Fairness and Convenience to the Parties.*** Next, the Court considers fairness and convenience to the litigants. Plaintiff argues that dismissing the nondischargeability case would be unfair because it would effectively reward Debtor for engaging in the misconduct that led to his loss of discharge. There is some truth to this contention. Dismissing the case against Plaintiff's wishes will further delay the resolution of the state law claims. Dismissal is only an option because Debtor lost his discharge. Debtor only lost his discharge because the United States Trustee accused him of lying during his § 341(a) meeting of creditors.

However, there is no evidence that Debtor engaged in the misconduct with the intention of hindering or delaying Plaintiff. Debtor's waiver of discharge was a response to the U.S. Trustee's motion, which was based on conduct wholly independent of this nondischargeability proceeding and unrelated to Plaintiff's claims. Furthermore, whether the claims are resolved in bankruptcy court or in state court, any judgment in Plaintiff's favor will be nondischargeable–a result that benefits Plaintiff regardless of venue.

Plaintiff also argues that it is unfair to make him start over in state court. As explained above, the Court is unable to determine the current status of the state court litigation. Debtor contends that the original state court case remains pending. Plaintiff suggests he will have to file a new state court action if this adversary proceeding is dismissed. Without some evidence or consensus that the state court case has been terminated, the Court cannot conclude that dismissal will require Plaintiff to start fresh in the state court rather than resuming a pending case. In such circumstances, the Court cannot conclude that dismissal of this adversary proceeding would be unfair or inconvenient to Plaintiff.

***Difficulty of the Legal Issues Involved***: Finally, the Court considers the difficulty of the

8

legal issues involved in Plaintiff's state law causes of action, which include breach of contract, negligence, and fraud. Such claims are not particularly complex and require no special expertise to resolve. Both bankruptcy court and state court offer suitable venues for resolving the claims. Thus, the nature of the claims offer no reason for hearing the case in bankruptcy court.

**Conclusion**

Having considered the Morris factors, the Court finds that judicial economy weighs in favor of dismissing this case so that it can proceed in state court free of any jurisdictional concerns. Doing so would not be unfair to either party, nor does this Court have any particular expertise on the causes of action that would make it a preferred venue. For these reasons, the Court will grant Debtor's motion and dismiss the above-captioned adversary proceeding.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT